## FEDERAL FARM MORTGAGE CORPORATION, Respondent, v. SMITH, et al, Appellants

### (299 N. W. 237.)

(File No. 8438. Opinion filed July 8, 1941.)
Rehearing Denied September 20, 1941.

**Louis H. Smith,** of Sioux Falls, for Appellants.

**Bielski, Elliott & McQuillen,** of Sioux Falls, and **Otto A. Gruhn,** Omaha, Neb., for Respondent.

PER CURIAM. The plaintiff brought this action to recover installments due under a contract for the sale of real estate. The defendants answered and alleged that at the time of the execution of the contract the plaintiff promised to insert in the contract the provision in writing that, if the 1937 crop on the land was substantial, and the defendants elected to go on with the provisions of the said contract, the plaintiff would accept the proceeds from said 1937 crop for the payment due under the contract on September 1, 1937, which is one of the payments plaintiff is seeking to recover in this action. The defendants then allege that the plaintiff fraudulently omitted to insert such provision in the

contract and without defendants' knowledge or consent did insert a provision, as follows: "Proceeds of 1937 crop, if any, is to be applied on the September 1, 1937 payment under this contract." By way of counterclaim defendants alleged that, relying upon the promise of the plaintiff to have the contract disclose the real agreement of the parties, defendants paid to the plaintiff the sum of $500 for which defendants asked judgment. The issues as thus made were fully and fairly submitted to the jury by the trial court. The evidence upon these issues was conflicting and the jury returned a verdict in favor of the plaintiff. The evidence in our opinion amply supports this verdict.

Appellants argue principally the alleged error of the trial court in refusing to grant a new trial because of certain proceedings had with reference to a quitclaim deed made by the defendants. It appears that defendants had owned this land covered by the contract some years before, and plaintiff had foreclosed a mortgage which it held thereon. The land was purchased by the plaintiff in the foreclosure proceeding and a sheriff's certificate of sale issued. A deficiency remained after the sale, and plaintiff commenced an action against the defendants to recover this deficiency. At the time the negotiations were being had whereby the defendants repurchased this land under the contract of sale, defendants made and delivered to plaintiff a quitclaim deed for the purpose of vesting title in the plaintiff prior to the execution of the contract. After issue was joined defendants served upon plaintiff a notice to produce this quitclaim deed. It was not produced and at the trial defendants demanded that plaintiff produce the deed. It appears that plaintiff did not have the deed at the trial. However, Exhibit 12, a copy of the deed, was present at the trial and available to defendants and counsel. Exhibit 12 was a duplicate of the original deed as to everything except the signature and date. We fail to find that either the signature or date on this deed was material to any of the issues. It was admitted that the original of the deed was signed by defendants and delivered to and accepted by the plaintiff. The deed was material only to the claim of defendants that the

action for the deficiency remaining after the foreclosure action was to be dismissed upon the repurchase of the land. This claim of defendants was collateral to the real issue in the case, but conceding that the deed was a proper subject of evidence in the action, the copy contained everything that was material to the purpose sought to be accomplished by having the deed presented to the jury. We are of the opinion, therefore, that defendants were in no way prejudiced by the failure of plaintiff to produce the original deed, and we pass the question of whether the duty was upon defendants to offer secondary evidence of the deed upon the failure of the plaintiff to produce the original.

The fact issues presented by the evidence were decided by the jury, the case was fairly tried, and we find no ground upon which a new trial should be granted.

The judgment and order appealed from are affirmed.

POLLEY, P.J., and WARREN, RUDOLPH, and SMITH, JJ., concur.

ROBERTS, J., not sitting.